IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY L. VINYARD,
Federal Inmate Reg. No. 06843-025,

       Petitioner,                   NO. 11-cv-561-DRH

vs.

STATE OF ILLINOIS,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, who is currently a federal prisoner incarcerated in the Federal Correctional Institution in Milan, Michigan, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge a 1984 state conviction in the Circuit Court of Saline County, Illinois. Petitioner is presently serving a 240 month federal sentence imposed by this Court after he pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine. *United States v. Vinyard*, Case No. 05-cr-40065-WDS-5 (S.D. Ill.).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct

the clerk to notify the petitioner." Upon careful review of the petition, the Court concludes that it must be dismissed because it was not timely filed.

**The Petition**

According to the instant petition, petitioner was charged in February 1984 in Saline County, Case No. 84-CF-36, with unlawful delivery of a controlled substance (Doc. 1, pp. 3, 30). He retained attorney G. Patrick Murphy to defend him.[1] Petitioner ultimately agreed to plead guilty in exchange for an eight year sentence (Doc. 1, p. 4). After serving the required term of imprisonment, petitioner's sentence was discharged on April 19, 1990. *Id.*

More than twenty years later, on July 16, 2010, petitioner filed a habeas petition in the Saline County Circuit Court, seeking to vacate the 1984 conviction (Doc. 1, pp. 4, 30). He claimed that his plea colloquy had been in violation of *Boykin v. Alabama*, 395 U.S. 238, 243 (1969), because the court did not explain to petitioner the elements of the crime or the consequences of his plea. Additionally, he argued that trial counsel provided ineffective assistance, and that the court failed to advise petitioner of his right to appeal (Doc. 1, p. 4). The trial court summarily denied the petition on July 26, 2010, in a docket entry stating:

> The court has considered the Defendant's motion to set aside or vacate his 1984 conviction and being fully advised finds the motion should be and therefore is <u>denied</u>

(Doc. 1, p. 30) (emphasis in original).

---

[1] The Honorable G. Patrick Murphy, now a federal judge in this Court, took no part in the consideration or disposition of this matter.

Petitioner appealed to the Illinois Appellate Court, Fifth District, No. 5-10-0385. His initial brief was stricken for failure to comply with court rules, as was his substitute brief (Doc. 1, p. 5-6). Petitioner's appeal was dismissed on January 12, 2011, for want of prosecution, after petitioner failed to respond to the appellate court's show cause order (Doc. 1, p. 26). He then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied on May 25, 2011 (Doc. 1, p. 28). *See also People v. Vinyard*, 949 N.E.2d 1103 (Ill. 2011) (Table). Petitioner then filed the instant action on June 20, 2011.

Petitioner's initial complaint raised herein is that the Illinois Appellate Court (which he refers to as the "lower court") erred in holding petitioner's pro se briefs to the same standards as it applies to briefs filed by attorneys in that court (Doc. 1, p. 7-8). He then goes on to assert that the 1984 conviction should be set aside because his guilty plea was not knowingly and intelligently made, and because his trial counsel rendered ineffective assistance for, among other things, failing to file a notice of appeal when petitioner made it clear that he desired to appeal (Doc. 1, p. 14).

**<u>Analysis</u>**

Under 28 U.S.C. § 2244(d)(1), following his or her conviction, a petitioner has a one year period in which to file an application for a writ of habeas corpus in federal court. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner never states whether he attempted to withdraw his guilty plea or otherwise sought to appeal his conviction

after his trial counsel failed to file a timely notice of appeal (Doc. 1, p. 14-16). The trial court's docket sheet shows that no notice of appeal or any other pleading was filed following the close of the case on December 3, 1984, until petitioner filed his state habeas petition in July 2010 (Doc. 1, p. 30). Based on this docket sheet, there was no direct state court review of the 1984 conviction. Therefore, petitioner's conviction became final upon the expiration of the time for seeking direct review, which was 30 days after entry of the judgment of conviction. *See* ILL. SUP. CT. R. 604(d).

According to the trial court's docket sheet, petitioner's guilty plea, waiver of jury, and an order were filed on November 27, 1984 (Doc. 1, p. 30). The official statement of the state's attorney and trial judge was filed on December 3, 1984, and this was the final docket entry in the case. Therefore, petitioner's one-year habeas filing period would have begun, at the latest, 30 days later on January 3, 1985. Unless it was tolled, that filing period ended on January 3, 1986.

The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, the trial docket sheet shows that petitioner never filed any application for collateral review of his conviction within the one-year time limit after his conviction became final. Where no application for collateral review is filed within the one-year period for seeking habeas review, there can be no tolling of that time limit. Thus, petitioner's time to seek

review under Section 2254 ran out on January 3, 1986.

There is no basis for this Court to construe petitioner's state habeas petition, filed in the trial court on July 16, 2010, as a "properly filed" collateral attack on his 1984 conviction within the meaning of 28 U.S.C. § 2244(d)(2). Once the one-year time limit for seeking habeas relief has expired, a later-filed collateral attack cannot "toll" the intervening lapse of time to allow for another chance to file a federal habeas petition. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (untimely petition does not toll a statute of limitation); *Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000). Thus, petitioner's filing in July 2010 of his state habeas petition could not restart the clock for him to seek federal habeas review, nor could it "toll" the one-year time limit that had already expired many years before.

In summary, because the instant habeas petition was filed more than one year after the 1984 judgment of conviction became final, it is untimely and thus subject to dismissal.

**<u>Certificate of Appealability</u>**

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an

applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was not timely filed, and therefore petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right." Accordingly, the Court **SHALL NOT ISSUE** a certificate of appealability.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**.
Signed this 24th day of February, 2012.

David R. Herndon
2012.02.24
10:58:54 -06'00'

**Chief Judge**
**United States District Court**